Pe Alisos, C. J.
The motion on the part ot the defendant for a certiorari, or other appropriate writ to bring up this case for review on the question oi law, was opposed by the counsel of Walton on two grounds :
1st. It was insisted that the action of a single Judge in vacation, on a writ of habeas corpus, is not the subject of review. The counsel relied on the authorities cited, and the reasoning of Judgement in Yates vs. the People of New York, 6 Johnson, 397, and of Judge Baldwin in Holmes vs. Jennison, 14 Peters, 614.
These cases show that there is a conflict of decisions and a great contrariety of opinion on the question. Any'one who reads them will become satisfied that the amount of talent and learning bestowed on the subject has tended to mistify rather than elucidate it. When the stream becomes too muddy to see the bottom, the surest way to find truth is to go up to .the fountain head ; that is, “ to the reason and *320 sense of tbe thing.” We believe the conflict and. confusion, found in the boohs in regard to this question are mainly to be attributed to the fact of not keeping in view the distinction between a habeas corpus “ when one stands committed for a crime,” and a habeas corpus yrhen one is imprisoned 9r otherwise restrained of his liberty for some cause other than the commission of a criminal offence. This distinction is pointed out in “ Caine’s case.” Judges Kent and Baldwin, in the cases referred to, had their minds fixed upon the former class of pases and do not advert to the distinction.
The object of a commitment is to secure the attendance of the party at the trial; and it is. the duty of the committing magistrate to make an examination, enquire into the circumstances, and to discharge the person arrested, or remand him, or take security for his appearance, according to the nature of the offence, and the degree of proof. This proceeding is not the subject of review by writ of error or ¡, certiorari, for the reason that there is no trial and no judgment, but a mero inquiry, to see whether the person accused ought to be tried ; indeed, when the law is duly administered, the trial will take place, before a writ of error or certiorari could be disposed of in the course of the Court. The Court's, however, exercise a supervising jurisdiction over the action of the committing magistrate, by means of the writ of habeas corpus, and enquire into the legality of the commitment, and the question of probable cause. This proceeding is in lieu of a writ of error or certiorari, and is not the subject of review by either of those writs,- when it turn's on the question of probable cause ; for, like the proceeding before a committing-magistrate, it is not a trial; there is no judgment; it is a mere inquiry. When it turns to the power of commitment or its legality, the question is not so clear. There is much force in the authorities cited, *321 and in tbe reasoning of Judge Kent and Baldwin, although, the weight of authority in this country is on the other side ; for in Yates vs. the People of New York, the decision is against the opinion of Judge Kent. In Holmes vs. Jennison, a majority of the Judges differ-from Judge .Baldwin, and in the late case of Ableman vs. Booth, 21 Howard, 506, the jurisdiction by v&it of error is assumed by the Supreme Court o'f the United Mates, and the point seems to be conceded.
The superintending jurisdiction over committing magistrates, was intrusted to the Judges in vacation 32, Charles 2, ch. 2, Rev. Code, ch. 55, sec. 1.
The purpose of a writ of habeas qorpus-, where one “ is restrained of his liberty for some cause other .¿than the commission of a. criminal offence,” is altogether different. In ancient times, in such cases, the writ “ de homine reph-giando ” was used. It was an original writ, by which an action was instituted, when a person was restrained of ’his liberty, unless committed for .crime, and the right to the services and custody of the person was determined, Fitzh. N. B. 68, Com. Dig. Pleader, 3 K. 1. Imprisonment L. 4 2 Inst. 55, 3 Mod. 120. There can be no doubt that the judgment in this action was the subject of review by writ of error. This-original writ is now superseded by-the ju- ■ dicial writ of habeas corpus, as a more speedy and summary remedy, called for by the nature of tVe case, which the Courts issued under, their common law jurisdiction. In the proceeding instituted by this writ, the right in controversy is determined by a judgment, and no reason can be assigned why such judgment is not the subject of review, in the same way as the judgment in the old action “ de homine reple-giando,” or any other action or proceeding in which the Court renders a judgment; because thereby the right of the parties is adjudicated and determined. It is true’, if the *322 plaintiff seeks for damages be must follow it up, by an ac.tion of trespass for assault and batte'ry and false imprisonment, as tbe action of ejectment wliich is substituted for tbe old real actions, is followed up by an action of trespass for mesne profits ; but that is no reason wby the judgment should not be tbe subject of review.
This jurisdiction is extended to tfé judges in vacation by 56, Geo. 3, (1816,) and by our staiLte, Rev. Code, cb. 55, sec. 10, (1836,) so the jurisdiction of a single Judge in such cases, is of very reqent origin ; which may, in some measure, account for the confusion in which the subject has been involved, by not distinguishing this class of cases from that of the case coming within the operation ofi the Act of Charles the 2d. The facts that so many writs of habeas corpus have been issued-in the last two years, has elicited a closer and more serious investigation of the nature and purposes of the proceeding in .cases of this kind, and the result is a clearer apprehension of the distinction between the two classes of cases.
The question is narrowed to this: is not the judgment of a. single judge in the exercise of this jurisdiction conferred by statute of Geo. 3d, and our statute of 1836, subject to review for the same reasons, and on the same grounds, which are applicable to the judgment of the Courts in the exercise of their common law jurisdiction by ha boas rurpus. There are a suit, a trial, and a judgment, deciding the rights of the parties ; and the fact of its being the derision of a tribunal composed of a single Judge, can furnish »c reason wby it should not be the subject of review by a higher tribunal. Certainly, tbe decision of a Judge in vacation, can not he put on a higher footing than the decision of the same Judge iu torna time!
For illustration. The ease of Zoigonfuss vs. Hastings and others, 2 Ired. 463, presented this question of law : [¡as *323 a creditor tbe right to take the body of bis debtor by writ of capias ad satisfaciendum, after the debtor has filed his petition in bankruptcy and given notice, but before a decree of bankruptcy P The case was constituted before a single Judge by a writ of habeas corpus under the 10th section of the Act of 1836. The Judge decided against the debtor. It was an adjudication of the rights of the parties.
So Prue vs. Hight, 6. Jones, 265, instituted by writ of habeas corpus before a single Judge, presented a question o'f law as to theValidity of indentures of apprenticeship,.on which the rights of the parties depended. The Judge decided in favour of the defendant, and his right to the services of the plaintiff as an apprentice was thereby determined.
Thesé cases show strikingly the difference between ^ ha-beas corpus under the first section of our statute, when one u stands committed for a crime,” which is a mere inquiry' preliminary to his trial, and a habeas corpus under the 10th section, which is a suit, involving the rights of the parties and in which their rights are adjudicated and determined, In cases of this kind we think it clear the decision on matter of law is the subject of review ; and it is equally clear that the case before us falls under this class, of cases. Walton did not (( stand committed-for a crime,” but was retained of his liberty as a conscript. His case presents a question of law, arising under an alleged contract, and the right is adjudicated and determined by the decision of a single Judge.
2nd. Admitting that 'the Court of King’s bench and the Supreme Court in' several of the States, where their statutes provide- for it, have power to review the action of a single Judge in habeas corpus cases, when one is restrained of his liberty for some cause other than the commission of a erim- *324 inal offence, it was insisted that this Court has no such power, because its jurisdiction is limited and it has no jurisdiction except what is conferred by statute. Binford vs. Alston, 4 Dev., 339, American Bible Society vs. Exucutors of Hollister, 1 Jones Eq., 10, and Smith vs. Cheek were relied on.
When these cases were decided there was, as is said iit Bryan’s case, a general impression against the power of the Court, and candour requires the admission that the Judges were then of opinion, that the Court-did not have jurisdiction in habeas corpus cases, and although those cases are correctly decided, yet the language used must be restricted, and the general import controlled, by construing it as, having reference only to the questions then before the Court. Within the last few years, the subject of habeas corpus has called into action the utmost effort of. the legal mind, both of the bar and the bench, and eliminated the fact, that the protection of personal liberty is a distinct head of jurisdiction. In the matter of Bryan, after full argument and due consideration, this Court held that in regard to the proceeding under writs of habeas corpus, the Court has a common law jurisdiction: “ So that the establishment of a Supreme Court without any words to that effect, necessarily, and as an incident to its existence, by force of the bill of-rights, of the Constitution and the principles of the common law, invests it with power to inquire, by means of this great writ of right, into the lawfulness of any restraint upon the liberty of 'a free man,” and the inference is made, that although ip actions at law, indictments, and suits in equity, it was deemed expedient to limit the jurisdiction as to the ■manner of constituting such cases in that Court, so as to maké the-jurisdiction appellate only, yet in regard to this important subject of jurisdiction, to wit, the writ of habeas corpus, there is no limitation of power or restriction, save *325 the principles and usages of law, “ it being the opinion of the Legislature that the power would attach to the Court as soon as it was established, as an incident of its existence, upon the principles of the common law and bill of rights."
We are fully satisfied of the soundness of this conclusion, and it has since received the sanction of a legislative enactment. So the question must be considered as settled. We allude to the Act of June, 1863, by which it is enacted that a single .Judge may, in term time, grant a writ of habeas carpus, and.make it returnable either before himself or some other Judge, or before the Supreme Court; thus expressly recognizing the jurisdiction of the Court.
Taking this to be so, it follows - as a necessary consequence that the Court has the power .to review the action of the Superior Courts and of the Judges in vacation, upon questions of law, in all cases of habeas corpus, when a decision is made and the rights of the parties are determined ; that is, in all cases under the 10th section of the habeas corpus Act.. For it is the function of every Court which is <esupreme,” not simply a “Court of Appeals/’ or a “ Court of Conference/’ to control the action of all other judicial tribunals, So as to prevent them by prohibition,. from exceeding their jurisdiction, and to correct errors while acting within their jurisdiction. When the mode of exercising this jurisdiction is provided by statue, as in respect to actions at law, indictments, and suits in equity, ■ that, of course, must be pursued ; when no mode is provide^, the Court must pursue a mode which is “ agreeable to the principles and usages of law." It may be that in a habeas corpus case of the kind now under consideration, constituted in the Superior Court, an appeal will lie under the general provisions of the Rev. Code, ch. 4, sec. 21, 22. When the decision affects the rights of infants, the Legislature has deemed it expedient to allow the matter to be *326 brought up both from a Court and a single Judge, by tlte speedy mode of appeal, Act of 1858, cb. 58. In all other cases it is left to be done in such way as is £f agreeable to the principles and usages of law.”
It is gratifying to know that the Court possesses this jurisdiction, for it would have been a deplorable state of things, if Williams is to serve as a conscript, because his case was decided by Judge \A. and Walton is hot to serve, because his case was decided by Judge B., and that there should be no mode of correcting the error, so as to settle the law — make it uniform, and give to decisions in such eases, the weight, to which an adjudication of the highest judicial tribunal of the State, is entitled. •
Battle, Judge concurred.